UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE A. PERAE, | ) | CIV. 12-5055-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Nicole A. Perae filed a complaint appealing from an administrative law judge's ("ALJ") decision denying disability benefits.  (Docket 1).  Defendant denies plaintiff is entitled to benefits.  (Docket 5).  The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF").  (Docket 7).  The parties filed their JSMF.  (Docket 8).  For the reasons stated below, plaintiff's motion to reverse the decision of the Commissioner (Docket 9) is granted.

**FACTUAL AND PROCEDURAL HISTORY**

The parties' JSMF (Docket 8) is incorporated by reference.  Further recitation of salient facts is included in the discussion section of this order.

On January 23, 2009, plaintiff Nicole A. Perae filed an application for disability insurance benefits and supplemental security income benefits

alleging disability beginning April 21, 2007.  (Docket 8 at ¶ 1).  The claims were initially denied on April 14, 2009, and upon reconsideration on August 12, 2009.  Id. at ¶ 2.  Thereafter, Ms. Perae filed a request for a hearing and an evidentiary hearing was held on August 25, 2010.  Id.  On October 15, 2010, the ALJ issued a decision finding Ms. Perae was not disabled and denying benefits.  (Administrative Record at pp. 10-20).[1]

Ms. Perae sought review from the Appeals Council.  (Docket 8 at ¶ 4). The Appeals Council denied Ms. Perae's review request.  Id.  The ALJ's decision constitutes the final decision of the Commissioner of the Social Security Administration.  42 U.S.C. § 405(g); 20 CFR § 422.210(a).  It is from this decision which Ms. Perae timely appeals.

The issue before the court is whether the ALJ's decision of October 15, 2010, (the "2010 ALJ decision") that Ms. Perae was not "under a disability, as defined in the Social Security Act . . . from April 21, 2007, through [October 15, 2010]" is supported by substantial evidence in the record as a whole.  (AR at p. 20); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

---

[1]The court will cite to information in the administrative record as "AR at p. ___."

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580.  The court reviews the Commissioner's decision to determine if an error of law was committed.  Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny disability benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision."  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  A reviewing court may not reverse the Commissioner's decision

3

" 'merely because substantial evidence would have supported an opposite decision.' "  Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).

## DISCUSSION

"Disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [or combination of impairments] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled.  20 CFR § 404.1520(a)(4).  If the ALJ determines a claimant is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled.  Id.  The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment–one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998).  The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations.  (AR at pp. 16-23).  At step five of the evaluation, the ALJ found Ms. Perae was capable of performing jobs existing in significant numbers in the national economy and was, therefore, not disabled.  Id. at 19-20.

**PLAINTIFF'S ISSUES ON APPEAL**

Ms. Perae's brief in support of her motion to reverse the decision of the Commissioner identifies two main issues.  First, Ms. Perae argues the ALJ improperly evaluated and discredited her subjective complaints.  (Docket 10 at pp. 3-15).  Ms. Perae also argues the ALJ erred in concluding Ms. Perae was capable of performing jobs existing in significant numbers in the national economy.  Id. at pp. 15-20.

**1.     Did the ALJ properly assess Ms. Perae's credibility?**

Ms. Perae argues "the ALJ effectively did not engage in a Polaski evaluation" because he: (1) failed to consider the "dosage, effectiveness and side effects" of the pain medications she was taking; (2) failed to "properly consider [her] limited daily activities"; (3) failed to consider her "prior work history"; and (4) failed to identify "activities inconsistent with [Ms.] Perae's testimony as to the duration, frequency, and intensity of her pain, the precipitating factors of that pain, and the functional restrictions caused by her pain."  (Docket 10 at

pp. 6, 11, 12).  The defendant contends the ALJ's credibility assessment is supported by substantial evidence.  (Docket 11 at p. 6).

The ALJ determines the weight attributable to a claimant's subjective complaints, including pain, according to the framework created in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Five Polaski factors guide the ALJ's credibility determinations: "1) the claimant's daily activities; 2) the duration, frequency, and intensity of the pain; 3) the dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions."  Choate, 457 F.3d at 871.  The ALJ need not mechanically discuss each of the Polaski factors.  See Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005).  Although the ALJ can discount a claimant's subjective complaints for inconsistencies within the record as a whole, "the ALJ must make express credibility findings and explain the record inconsistencies that support the findings."  Dolph v. Barnhart, 308 F.3d 876, 879 (8th Cir. 2002).  The court will not disturb the decision of an ALJ who seriously considers, but for good reason expressly discredits a claimant's subjective complaints.  See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).

In this case, the ALJ acknowledged the analytical framework for credibility determinations and stated he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with

the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p."  (AR at p. 15).

The ALJ found Ms. Perae suffered from "degenerative lumbar disc disease, myofascial pain disorder versus fibromyalgia, and dysthymic disorder." Id. at p. 13.  As a result of these severe impairments, Ms. Perae testified she suffers from constant pain in her lower back, made worse by walking, bending, lifting, and standing or sitting for long periods of time.  (Docket 8 at ¶ 48).  Ms. Perae stated she has constant "excruciating pain in her hips, and aching and burning pain in both legs all the way down to her ankles . . . made worse by walking long distances and sitting for long periods."  Id. at ¶ 49.  Ms. Perae testified she uses "upper-arm crutches every day because they help with the pain."  Id.  Ms. Perae indicated she has two to three bad days a week where the pain in her back and hips is so bad she spends the entire day in bed.  Id. at ¶ 50.  On her bad days, Ms. Perae testified she is unable to do household chores or run errands.  Id.  Ms. Perae "testified that on a typical day she can walk about a half a block before she has to stop, stand for not more than five or ten minutes at a time, sit for maybe ten minutes at a time, and lift five or ten pounds."  Id at ¶ 52.

The ALJ found Ms. Perae's "medically determinable impairments could reasonably be expected to cause the alleged symptoms;" however, the ALJ concluded Ms. Perae's "statements concerning the intensity, persistence and

limiting effects of these symptoms" were not fully credible.  (AR at p. 16).  The ALJ found:

> [Ms. Perae] has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for about 6 hours in an 8-hour day and can stand and/or walk for at least 2 hours in an 8-hour day. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl.  Mentally, she can understand, remember and carry out 3 to 4-step instructions.  The claimant has moderate limitations in work-related social interaction and adaptation, which means that she has more than a slight limitation in these areas but is still able to function satisfactorily.

Id. at p. 15.

The ALJ provided the following reasons for finding Ms. Perae's testimony not credible: (1) Ms. Perae's limitations, if accepted, would "appear to lead to a life of near invalidity"; and (2) the medical records did not support the extent of Ms. Perae's subjective complaints.  Id. at p. 16.

Ms. Perae contends the ALJ's credibility analysis does not conform to the framework established in Polaski because the ALJ (1) failed to consider the "dosage, effectiveness and side effects" of the pain medications she was taking; (2) failed to "properly consider [her] limited daily activities"; (3) failed to consider her "prior work history"; and (4) failed to identify "activities inconsistent with [Ms.] Perae's testimony as to the duration, frequency, and intensity of her pain, the precipitating factors of that pain, and the functional restrictions caused by her pain."  (Docket 10 at pp. 6, 11, 12).

8

**A.    Pain medication**

Ms. Perae contends "the ALJ did not even mention . . . that [Ms.] Perae has consistently been prescribed potent pain medication."  (Docket 10 at p. 6). Beginning in 2006, Ms. Perae was prescribed and was taking the following medication in an attempt to treat her pain:

- Toradol 30mg - December 2006

- Hydrocodone - December 2006

- Percocet, OxyContin 20mg, Oxycodone 5mg, Zanaflex 4mg - May 2007

- Lortab - May 2007

- Oxycodone 5mg, Zanaflex 4mg - July 2007

- Naproxen, OxyContin, Oxycodone - October 2007

- Lumpar facet injection, epidural - October 2007

- Methadone 10mg, Tizanidine 4mg, OxyContin 40mg, Oxycodone 5mg - September 2008

- Naproxen, Methadone 5mg - April 2009

- Bilateral SI joint injections - April 2009

- Methadone, Lyrica - June 2009

- Effexor, Methadone - June 2009

- Cortisone injections, trigger point injections - October 2009

9

- Hydrochlorothiazide, Lisinopril, Tizanidine, Meloxicam 15 mg, Ultram ER 200mg - January 2010

- Lisinopril, Hydrochlorothiazide, Tizanidine, Gabapentin, Cymbalta 30mg - February 2010

- Cymbalta, Soma, Savella - May 2010

(Docket 8 at ¶¶ 5, 7, 9, 10, 12, 13, 18, 19, 26, 28, 33, 34, 37, 39, 42, 43). Although taking numerous medications, including several narcotics, Ms. Perae often reported the medications either did not relieve her pain or merely took the edge off.  Id. at ¶¶ 10, 13, 16, 18, 29, 37, 42, 43.

Ms. Perae contends the ALJ erred by failing to discuss the numerous medications she was taking, including narcotics, in an attempt to control her pain symptoms.  The defendant claims this argument "is patently false" because the "ALJ expressly acknowledged that Plaintiff received pain medications."  (Docket 11 at p. 5) (citing AR at pp. 16-17).  The defendant's argument is disingenuous at best.  The ALJ's discussion regarding Ms. Perae's medication regimen is limited to acknowledging Ms. Perae "denied having undergone any treatment other than medication" and that Ms. Perae reported no change in her back pain in May 2008, and "indicated that her medications were not helping."  (AR at pp. 16, 17).  The ALJ did not discuss the numerous efforts treating physicians made to treat Ms. Perae's pain nor did the ALJ

discuss or acknowledge the limited effect the pain medications had on Ms. Perae's symptoms over a span of at least four years.

"A claimant's allegations of disabling pain may . . . be discredited by evidence that the claimant has received minimum medical treatment and/or has taken only occasional pain medications." Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998). This is not the case with Ms. Perae. The record reflects Ms. Perae made numerous visits to doctors, often reporting her prescribed medications were not effective in treating her symptoms. The medical records indicate the extent of Ms. Perae's prescription medications. Hydrocodone is a pain medication providing symptomatic relief of moderate to moderately severe pain. (Docket 8 at ¶ 7, n. 3). Percocet is used to relieve moderate to severe pain. Id. at ¶ 9, n.4. OxyContin, which is oxycodone, is used to treat moderate to severe pain that is expected to last for an extended period of time. Id. at ¶ 9, n. 5. Zanaflex is a short-acting muscle relaxer that works by blocking nerve impulses (pain sensations) that are sent to the brain. Id. at ¶ 9, n. 6. Lortab contains a combination of acetaminophen and hydrocodone and is used to treat moderate to severe pain. Id. at ¶ 10, n. 7. Ms. Perae has availed herself of many pain treatments, including joint injections, trigger point injections, and drug therapy. The court finds Ms. Perae's long history of pain management and drug therapy supports her allegations of disabling pain. The ALJ erred in

failing to consider Ms. Perae's lengthy history of pain management and drug therapy.

### B.    Daily activities

Ms. Perae also contends the ALJ erred by failing to "properly consider [her] severely limited daily activities." (Docket 10 at p. 11).  Defendant asserts the "ALJ summarized and then declined to accept [Ms. Perae's] claims regarding her limitations and her daily activities." (Docket 11 at pp. 5-6).

Ms. Perae testified she spends much of her time sitting in a recliner and watching television.  (AR at p. 16).  She stated that on her bad days she stays in bed all day due to pain and has some difficulty sleeping because of the pain and medication side effects.  Id.  Ms. Perae indicated she was able to dress and bathe independently, but received in-home services through the Adult Services and Aging Program of the South Dakota Department of Social Services.  Id.; see also Docket 8 at ¶ 41.  These services were offered to keep Ms. Perae "independent of assisted living due to her back and leg problems." (AR at p. 447).

The ALJ dismissed Ms. Perae's limitations of daily living, concluding "that if accepted the claimant appears to lead a life of near invalidity." (AR at p. 16).  As support for this position, the ALJ noted medical records reflected Ms. Perae's low back impairments were "attended with only 'mild' or 'minimal' evidence of degenerative disc disease." Id.  The ALJ also noted other medical records suggested "greater limitations on physical work functioning." Id.  The

12

ALJ did not consider the extent of Ms. Perae's medication regimen as evidence of her limitations.  The fact the Department of Social Services was performing in-home services for Ms. Perae is significant and supports Ms. Perae's allegations of disabling pain.  Although the ALJ spends the majority of his opinion citing to medical records which reflect "mild" or "minimal" evidence of degenerative disc disease, the ALJ failed to consider whether the other severe impairments, myofacial pain disorder versus fibromyalgia and dysthymic disorder impacted Ms. Perae's activities of daily living.  The court finds the ALJ failed to properly consider Ms. Perae's daily activities in making his credibility determination.

### C.    Prior work history

Ms. Perae contends the ALJ erred by "completely ignor[ing] Perae's work history when making his credibility determination."  (Docket 10 at p. 12). Defendant does not respond to this argument other than to say the "ALJ need not . . . 'discuss each Polaski factor as long as the analytical framework is recognized and considered.'"  (Docket 11 at p. 6) (citing Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004).

The record in this case reflects Ms. Perae had a consistent work history until she injured her back in a work-related incident.  (AR at pp. 190, 285). Under Polaski, "in order properly to evaluate subjective complaints of pain, the ALJ is required to take into account, *inter alia*, the claimant's work history and limitations of [her] daily activities."  Jenkins v. Apfel, 196 F.3d 922, 926 (8th

13

Cir. 1999).   In this case, Ms. Perae's claims of disabling pain are supported by her history of past work and now limited daily activities.  The ALJ failed to consider this factor in his credibility determination.

### D.    Inconsistencies in the record

Ms. Perae argues the ALJ's credibility determination was in err because "the ALJ identified no activities inconsistent with [Ms.] Perae's testimony as to the duration, frequency, and intensity of her pain, the precipitating and aggravating factors of that pain, and the functional restrictions caused by her pain." (Docket 10 at p. 12).  Defendant did not respond to this argument.

"A claimant's subjective complaints may be discounted if there are inconsistencies in the record as whole." Guilliams v. Barnhart, 393 F.3d 798, 801-02 (8th Cir. 2005) (citing 20 CFR §§ 404.1529, 416.929; McKinney v. Apfel, 228 F.3d 860, 864 (8th Cir. 2000); Polaski, 739 F.2d at 1322).  "In rejecting a claimant's complaints of [disabling] pain as not credible, we expect an ALJ to 'detail reasons for discrediting the testimony and set forth the inconsistencies found.' " Guilliams, 393 F.3d at 802 (quoting Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003)).

In this case, the only inconsistency the ALJ discussed was the medical records indicating "mild" or "minimal"  degenerative disc disease.  The ALJ did not detail any activities which Ms. Perae participated in which were inconsistent with her claims of disabling pain.  The court finds "the ALJ did not

14

adequately detail the inconsistencies that [he] relied upon to disbelieve [Ms. Perae's] testimony." Kelley v. Callahan, 133 F.3d 583, 588 (8th Cir. 1998).

When an ALJ rejects a claimant's complaints of pain, he must make an express credibility determination detailing reasons for discrediting the testimony, must set forth inconsistencies, and must discuss the Polaski factors. Choate, 457 F.3d at 871. In this case, the ALJ improperly evaluated Ms. Perae's subjective complaints of pain. Although the ALJ need not mechanically discuss each of the Polaski factors, his determination must be supported by substantial evidence. See Goff v. Barnhart, 421 F.3d at 791. The court finds the ALJ's credibility determination is not supported by substantial evidence.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 9) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the decision set out above.

Dated March 19, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

15